WilmerHale

April 3, 2024

**VIA ECF**

Seth P. Waxman

+1 202 663 6800 (t)
+1 202 663 6363 (f)
seth.waxman@wilmerhale.com

The Honorable Mitchell S. Goldberg
U.S. District Court for the Eastern District of Pennsylvania
17614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Fakhreddine v. University of Pennsylvania*, No. 2:24-cv-01034-MSG

Dear Judge Goldberg,

Defendant University of Pennsylvania respectfully requests a pre-motion conference in anticipation of Penn's motion to dismiss. The Complaint should be dismissed under Rule 12(b)(1) because Plaintiffs fail to identify concrete and certainly impending injuries, and they therefore lack standing. Even if Plaintiffs had standing, the Complaint should be dismissed under Rule 12(b)(6). The constitutional claims fail because Penn is neither a state actor nor acting under color of state law by complying with an information request from the House Committee on Education and the Workforce (HEW), and its compliance with the request does not plausibly violate Plaintiffs' constitutional rights. Finally, Plaintiffs have no claim for breach of contract because their complaint does not identify the existence of a contract, much less a breach.

**All of Plaintiffs' Claims Fail For Lack of Standing**

Plaintiffs do not have Article III standing because they have not plausibly alleged a cognizable injury. To establish standing, Plaintiffs must show that they have suffered an "injury in fact" that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Because they seek only prospective relief (and allege no past injury), they must also show that any "threatened injury" is "*certainly impending*." *Id.* (cleaned up). Complaints that rely on "allegations of *possible* future injury" or on a "highly attenuated chain of possibilities," *id.* at 409-10 (cleaned up), fall well short of the "certainly impending" standard the law requires.

Here, Plaintiffs offer no concrete allegations of future injury that might nudge their theory from possible to "certainly impending." At bottom, Plaintiffs allege that HEW's information request *may* cover some of their records; that Penn *may* choose to produce those records; that, in doing so, Penn *may* fail to take all necessary steps to protect any privacy concerns (including as required under FERPA); and that HEW *may* leak those records. This chain of possibilities breaks down at the first step. Plaintiffs do not identify which requests might target their records, and they do not explain which records they believe are at risk of disclosure; they mention only student disciplinary records, but neither of the two named plaintiffs is a student. And if Plaintiffs intend to assert standing by claiming that Penn's good-faith compliance with the information request has led them

April 3, 2024
Page 2

**WILMERHALE**

to "chill" their own speech, "the Supreme Court and Third Circuit" have held that self-imposed injuries (like choosing to avoid controversial topics) are not enough to show an injury-in-fact.  *See Parker v. Wolf*, 506 F. Supp. 3d 271, 285 (M.D. Pa. 2020) (collecting cases), *aff'd sub nom. Parker v. Governor of Pa.*, 2021 WL 5492803 (3d Cir. Nov. 23, 2021).

Separately, Penn Faculty for Justice in Palestine (PFJP) lacks standing to assert the legal rights or interests of its members because it has not provided "specific allegations establishing that at least one identified member ha[s] suffered or [will] suffer harm."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009).  Even if organizations can proceed without "naming names" at the pleading stage, they must still offer "more specific" allegations about their members to show that at least one has a cognizable injury.  *Faculty, Alumni, & Students Opposed to Racial Preferences v. New York Univ.*, 11 F.4th 68, 76 (2d Cir. 2021).  PFJP has not done so here.  PFJP also lacks standing to bring the breach of contract claim because the claim would "require[] the participation of individual members in the lawsuit."  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).  And PFJP cannot establish damages (as required under Pennsylvania law, *see CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)) without its members' participation.  *See Pennsylvania Psychiatric Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 283 (3d Cir. 2002) (collecting cases).

**Plaintiffs' Constitutional Claims Should Be Dismissed**

Plaintiffs fail to plausibly allege that Penn is a state actor, as they must to press claims under the First and Fourteenth Amendments to the U.S. Constitution and the Pennsylvania Constitution.  *See Max v. Republican Committee of Lancaster County*, 587 F.3d 198, 200 (3d Cir. 2009) (U.S. Constitution); *Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611, 621 (3d Cir. 1992) (Pennsylvania Constitution).  Courts have found repeatedly that Penn is not a state actor.  *See, e.g.*, *Pik v. University of Pennsylvania*, 2010 WL 3933275, at *6 (E.D. Pa. Oct. 7, 2010).

Nothing Plaintiffs plead compels a different conclusion.  Plaintiffs lose under all three tests courts use to assess whether a private entity can be held liable as a state actor.  *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).  First, they cannot show that Penn's production of records is a traditional state power—"a 'rigorous standard' that is 'rarely … satisfied.'"  *Robertson S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165 (3d Cir. 2001).  Penn maintains and uses those records as part of its ordinary operation as a university.  *See Becker v. City University of Seattle*, 723 F. Supp. 2d 807, 811-12 (E.D. Pa. 2010).  Second, they cannot show that Penn has acted in concert with the state; as alleged in the Complaint (Compl. ¶ 7), Penn merely complied with a request, and HEW's "mere approval or acquiescence" of that decision does not make it state action.  *American Mfrs. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).  Third, there is no plausible claim that the Committee and Penn are joint participants.  Plaintiffs do not allege facts suggesting that the state acted such that the challenged activity must be deemed that of the state.  *See Kach*, 589 F.3d at 648.

Even if Plaintiffs cleared the state-action hurdle, they fail to state plausible claims under the First and Fourteenth Amendments and the Pennsylvania Constitution.  As to the First Amendment, Plaintiffs have not shown Penn's production of records implicates any protected conduct; that

April 3, 2024
Page 3

**WILMERHALE**

Penn's response is "sufficient to deter a person of ordinary firmness" from exercising their First Amendment rights; or that any protected expression and adverse action are causally related. *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006). Plaintiffs allege no specifics about the records in question and nothing to support their conclusory assertion that the records are theirs (rather than Penn's) or contain protected speech. *See Tacynec v. City of Philadelphia*, 687 F.2d 793, 796 (3d Cir. 1982). Nor can they show any burden on their privacy rights. As to the Fourteenth Amendment, Plaintiffs' allegations are not linked to any federally protected constitutional privacy interests. *See Malleus v. George*, 641 F.3d 560, 565 (3d Cir. 2011) (recognizing only "sexual information," "medical information," and "some financial information" as warranting such protection, and collecting cases); *Minnich v. Northeastern Sch. Dist.*, 2021 WL 3166013, at *4 (M.D. Pa. July 27, 2021) (no violation where defendants "disclos[ed] [plaintiff's] personal cellphone records and calendars to third parties"). Likewise, state constitutional privacy protections extend only to "an individual's reasonable expectation that the information is of a personal nature," *City of Harrisburg v. Prince*, 288 A.3d 559, 575 (Pa. Commw. Ct. 2023) (citation omitted), which Plaintiffs have not established. Plaintiffs also cannot show that any privacy interests outweigh the "public benefit which would result from disclosure," *Pennsylvania State Educ. Ass'n v. Commonwealth Dep't of Cmty. & Econ. Dev.*, 148 A.3d 142, 154-55 (Pa. 2016); Penn is producing records with relevant redactions and to aid HEW in its exercise of its duties.

**Plaintiffs Fail to Plausibly Allege Breach of Contract**

Plaintiffs also fail to plausibly allege a breach of contract. Plaintiffs vaguely reference unspecified contracts, student and faculty manuals, Penn's webpages, and statements by unnamed individuals, Compl. ¶ 141, without alleging specific facts about any contract between Plaintiffs and Penn, much less the essential contract terms. *See Smith v. Univ. of Pennsylvania*, 534 F. Supp. 3d 463, 470 (E.D. Pa. 2021). Nor do they identify what promises they contend these materials contain, or how Penn's cooperation with HEW's requests could be a breach of any promise Penn made to Plaintiffs. *See Kortyna v. Lafayette Coll.*, 2017 WL 1134129, at *21 (E.D. Pa. Mar. 27, 2017) (dismissing breach of contract claims where professor "fail[ed] to offer plausible allegations" the college "breached the duties prescribed by the [Faculty] Handbook" and to establish that cited sections "gave rise to a duty owed him and/or that this duty was in fact breached"), *aff'd*, 726 F. App'x 934 (3d Cir. 2018).

Respectfully submitted,

*/s/ Seth P. Waxman*
Seth P. Waxman