**WILMERHALE**

August 16, 2024

**David Gringer**

+1 212 230 8864 (t)
+1 212 230 8888 (f)
david.gringer@wilmerhale.com

**VIA ECF**

The Honorable Mitchell S. Goldberg
U.S. District Court for the Eastern District of Pennsylvania
U.S. Courthouse, Room 7614
601 Market Street, Philadelphia, PA 19106

Re: *Fakhreddine v. University of Pennsylvania*, Case No. 2:24-cv-01034-MSG

Dear Judge Goldberg,

Pursuant to Your Honor's 12(b) Procedural Order, Penn respectfully requests a pre-motion conference in anticipation of its motion to dismiss Plaintiffs' amended complaint. Rather than curing the deficiencies regarding their lack of standing that the Court identified in its June 24, 2024 Order, Plaintiffs repeat their mistakes—often in open defiance of the Court's earlier ruling. Having now failed to make the requisite showing twice, their amended complaint should be dismissed with prejudice.

### A.  Plaintiffs' Claims Still Fail For Lack of Standing

The amended complaint fails to cure the deficiencies this Court identified in its June 24 Order, and Plaintiffs still lack standing to press any of their claims. In its June 24 Order, the Court observed that Plaintiffs lacked standing for failure to allege "what information Penn will disclose or how it will harm them," and while it recognized the possibility that "some produced documents might be about [Fakhreddine], there is no allegation that those documents would contain defamatory statements or reveal private details such as her home address." MTD Order at 6. It then emphasized that "[t]he fact that Plaintiffs were harassed before is not enough; Plaintiffs need to show that Penn's documents would contribute to that harassment." *Id.*

As before, Plaintiffs still have not alleged that Penn will disclose their private details—in fact they claim that this "is beside the point," AC ¶¶ 38-39.[1] Nor do they allege facts to show that anything Penn might produce would likely be misused in any way, or that Penn's production would contribute to any harassment. *See In re Retreat Behav. Health LLC*, 2024 WL 1016368, at *2

---

[1] After the Court issued its June 24 Order, Congress demanded that Penn remove redactions, other than those for student names, from its productions. Penn has voluntarily cooperated with this demand, to the extent the request to remove redactions does not conflict with any laws or regulations (such as FERPA). Penn promptly notified Plaintiffs in advance. None of the changes to Penn's productions is material, and Plaintiffs still lack standing. Penn will provide more context in its forthcoming motion to dismiss.

WILMERHALE

The Honorable Mitchell S. Goldberg
August 16, 2024
Page 2

(E.D. Pa. Mar. 7, 2024) (noting that "disclosure of personal information does not amount to injury-in-fact where there are no specific allegations" of certainly impending harm).

Their theory thus remains "speculative," rather than "actual or imminent" or "certainly impending." *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011). Plaintiffs admit as much, claiming that it is "impossible" for them to allege that Penn intends to produce documents containing private details. AC ¶ 41. As this Court already observed, Plaintiffs' lack of knowledge does not excuse them from their burden to show standing. *See* MTD Order at 6. Similar speculation dooms Plaintiffs' effort to tie Penn's productions to third-party harassment; that theory relies on "guesswork as to how independent decisionmakers will exercise their judgment." *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013)). And Plaintiffs cannot assert self-censorship as a theory of injury (*see* AC ¶¶ 132, 176) because they "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm." *Id.* at 1995 (quoting *Clapper*, 568 U.S. at 416).

  B. **Plaintiffs Still Fail To Plausibly Plead Any Claim**

***Plaintiffs' Constitutional Claims Should Be Dismissed.*** Even if Plaintiffs have standing, the amended complaint should be dismissed for failure to state a claim. First, as Penn showed in its original motion to dismiss, Plaintiffs must plausibly allege that Penn is a state actor to proceed on any of their constitutional claims, and they still have not done so. *See* Dkt. 29 at 13-18. Courts have found repeatedly that Penn is not a state actor. *See, e.g.*, *Pik v. Univ. of Pennsylvania*, 2010 WL 3933275, at *6 (E.D. Pa. Oct. 7, 2010). Nothing in the amended complaint plausibly suggests that Penn's production of records to Congress is an exercise of traditional state power, and Plaintiffs themselves allege the production is not compelled by coercive power. *See* AC ¶¶ 7-8, 56, 169; *Kach v. Hose*, 589 F.3d 626, 646, 648-49 (3d Cir. 2009).

In any event, Plaintiffs fail to state plausible claims of viewpoint discrimination and retaliation under the First Amendment or of privacy violations under the Fourteenth Amendment and the Pennsylvania Constitution. Plaintiffs continue to focus their First Amendment allegations on Congress's actions, not Penn's, AC ¶¶ 88, 92, 103, 122, and they concede Congress, not Penn, chose the subject matter of its demands, *id.* at ¶¶ 19, 24.

Nor have Plaintiffs alleged facts showing a violation of any constitutionally protected privacy right. As Plaintiffs admit, the relevant information is accessible on social media platforms and generally discoverable on the internet, *see* AC ¶¶ 47-53, and is not the type of intimate information, like "sexuality [information], medical records, or financial information," that is protected by the Fourteenth Amendment. *Malleus v. George*, 641 F.3d 560, 565 (3d Cir. 2011); *see also Minnich v. Ne. Sch. Dist.*, 2021 WL 3166013, at *4 (M.D. Pa. July 27, 2021). Privacy protections under the Pennsylvania Constitution similarly extend only to "an individual's

**WILMERHALE**

The Honorable Mitchell S. Goldberg
August 16, 2024
Page 3

reasonable expectation that the information is of a personal nature." *City of Harrisburg v. Prince*, 288 A.3d 559, 575 (Pa. Commw. Ct. 2023) (citation omitted).  Any claim to a privacy right is therefore not plausible.

   ***Plaintiffs' New Conspiracy Claim Should Be Dismissed.***  Plaintiffs have likewise failed to state a claim under 42 U.S.C. § 1985(3) for conspiracy to violate civil rights.  To start, § 1985(3) "does not provide a cause of action for individuals allegedly injured by conspiracies motivated by discriminatory animus directed toward their political affiliation," *Farber v. City of Paterson*, 440 F.3d 131, 143 (3d Cir. 2006), and that is all Plaintiffs allege here, *see* AC ¶¶ 199-200 (alleging "[t]he conspirators intended their actions to have adverse effects upon … pro-Palestinian activists and critics of Israel.").  The claim also fails because Plaintiffs do not allege that *Penn*'s "actions were motivated" by discriminatory animus, *McFadden v. Apple, Inc.*, 785 F. App'x 86, 89 (3d Cir. 2019), alleging instead only that HEW is motivated by animus toward pro-Palestinian activists, *see, e.g.*, AC ¶¶ 194-96.  And Plaintiffs do not plausibly allege the remaining elements of a §1985(3) claim, including the existence of a "conspiracy."  *Farber*, 440 F.3d at 134.  The Third Circuit has rejected what Plaintiffs urge here: That a "conspiratorial agreement [could] be inferred" from a private party's compliance with a government request.  *McFadden*, 785 F. App'x at 88-89 (citations omitted).

   ***Plaintiffs' Breach of Contract Claim Should Be Dismissed.***  Plaintiffs still fail to plausibly allege a breach of contract.  Plaintiffs attempt to cure the deficiencies in their initial complaint by quoting Penn's statement of Academic Freedom and Guidelines on Open Expression, AC ¶¶ 186-87, but they still fail to plausibly allege that either aspirational statement of university policy gave rise to a contractually enforceable duty owed to them, that this duty was breached, and how Penn's response to Congress imposes restrictions on Plaintiffs inconsistent with these statements.  *See Kortyna v. Lafayette Coll.*, 2017 WL 1134129, at *21 (E.D. Pa. Mar. 27, 2017), *aff'd*, 726 F. App'x 934 (3d Cir. 2018); *see also Shaughnessy v. Duke Univ.*, 2020 WL 4227545, at *5 (M.D.N.C. July 23, 2020) (finding that the university's policy on academic freedom could not "be the basis of a breach of contract claim." (citations omitted)).

Respectfully submitted,

*/s/ David Gringer*

David Gringer

cc: All Counsel of Record