**Jonathan Wallace, Esq.**
**PO #728**
**Amagansett, New York 11930**
**917-359-6234**
**jonathan.wallace80@gmail.com**

August 22, 2024

**VIA ECF**

The Honorable Mitchell S. Goldberg
U.S. District Court for the
Eastern District of Pennsylvania

Re: *Fakhreddine v. University of Pennsylvania,* No. 2:24-cv-01034-MSG

Dear Judge Goldberg:

I am counsel to plaintiffs, and write in response to Defendant's counsel's letter to the Court dated August 16, 2024, asking for a pre-motion conference.

Because I believe that it is not appropriate for an attorney to oppose the grant of leave to an adversary to make a  dispositive motion, we take no position either on the grant or on counsel's request for a pre-motion conference.

However, as I informed the Court at the emergency conference on August 22,  The House Committee on Education and the Workforce has now specifically requested in writing that the Defendant produce "C.V./ Resumes, all syllabi since the fall 2022 semester,  all course-wide communications for courses since the fall 2023 semester, and any communications since 8/1/23 relating to the Gaza Solidarity Encampment, Faculty for Justice in Palestine, and/or the Palestine Writes Festival" (August 20 email from David Gringer, counsel for Defendant). The Defendant informed us that it was planning to produce Plaintiff Fakhreddine's CV and syllabus, not that it would refrain from producing her own emails or other documents she authored or sent in the past year. The Defendant merely stated it would hold off until the next day, to give Dr. Fakhreddine a chance to produce the documents herself, which she declines to do. Based on all prior history and experience, Congressperson Foxx will follow up urgently demanding the documents, and Defendant will comply. It has already done so with regard to unredacted copies of documents naming faculty.

At the initial televised hearing in December, two congressmen, members of the Committee, described Professor Fakhreddine as an antisemite and called for her to be fired. She has been mentioned in various communications from the Committee prior to the current one, including in the original Information Letter.  Your honor, we have not seen this kind of repressive, collective effort by powerful institutions to stifle speech since the investigations of the House Unamerican Activities Committee in the 1950's. Today, the House Committee's goals are the same as HUAC's back then: to drive Dr. Fakhreddine and others who share her views out of university and public life.

*I have no help to send, therefore I must go myself*

Against this background, it is simply not appropriate for the Defendant to continue to assert that harm is "speculative". It is real, imminent, and already happening. Dr. Fakhreddine continues to face death threats, has had nominations and awards rescinded, co-sponsorships withdrawn, and been removed from group communications.  To adopt the unexpectedly resonant metaphor I remember my civil procedure professor using the first month of law school, the bulldozer is driving towards the house to knock it down. Here,the University claims that harm is speculative because it is still 100 feet away.

Additionally, Defendant misuses the word "plausible" when discussing a "plausible claim." Although this is in fact part of the vocabulary used in decisions on motions to dismiss,  Defendant uses "plausible" in a way not intended by courts.  Note that the University is not alleging we fail to state a claim entirely, only that our assertions are implausible.  The adjective "plausible" in this case translates to a request that this Court decide disputed fact issues on the motion, which this Court of course cannot do. A claim that Defendant was beaming invisible disruption rays into Plaintiffs' homes would not be plausible. A claim that the House, by calling Dr. Fakhreddine an antisemite and calling for her to be fired, and the Defendant, by turning over her emails and files, are causing and threatening harm is not implausible.  At trial, Plaintiffs will show that the University has already fired faculty and staff, and suspended and expelled students, for expressing views similar to Dr. Fakhreddine's.

We are at a critical moral and legal crossroads in history. Plaintiffs and their counsel do not use the term "new McCarthyism" lightly. This phrase accurately describes the House Committee's and Defendant's campaign to blacklist, publicly shame, and ostracize dissenting voices like those of Dr. Fakhreddine and Plaintiffs. I urge this Court to examine Defendant's complicity in the House Committee's shameless campaign to crush constitutionally protected speech. Only by examining Defendant's actions in the context of this new McCarthy era can due process be rendered and equal protection assured.  Today, the Committee is seeking to silence my clients; the University is helping; when a motion to dismiss is granted, they are silenced again.

I urge your honor to exercise discretion to permit discovery and a hearing on the merits.

Respectfully submitted,
*/s/ Jonathan Wallace*
Jonathan Wallace

*I have no help to send, therefore I must go myself*